Marilyn LLOYD, etc., Plaintiff,

v.

CESSNA AïRCRAFT COMPANY, Defendant and Third-party Plaintiff,

v.

UNITED STATES of America et al., Third-party Defendants.

UNITED STATES of America, Fourth-party Plaintiff,

v.

SERV–AERO ENGINEERING, INC., Fourth-party Defendant.

No. CIV–4–75–40.

United States District Court,
E. D. Tennessee,
Winchester Division.

Jan. 4, 1977.

John C. Curtis and Charles P. Dupree, Chattanooga, Tenn., for plaintiff.

W. Ferber Tracy, Chattanooga, Tenn., for Santa Monica Propeller Service.

Samuel R. Anderson, Chattanooga, Tenn., for Serv-Aero Engineering, Inc.

Paul R. Leitner and R. Van Owens, Chattanooga, Tenn., for Cessna.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., Andrew J. Dilk, F. A. A., Jonathan M. Hoffman, Dept. of Justice, Washington, D. C., for the U. S.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

The defendant and third-party plaintiff Cessna Aircraft Company (Cessna) moved

the Court " * * * to cancel the oral deposition of Mr. Russell W. Meyer, Jr. * * * " now scheduled for January 14, 1977, and to require the same to be taken on January 13, 1977. The purport of Cessna's contention is that one of its attorneys herein, Mr. Paul R. Leitner, Esq. will be unable to attend on the former date since " * * * he is a member of the [Tennessee] Governor's No-Fault [Insurance] Committee * * * which committee is scheduled to have a meeting on January 14, 1977. * * * " [1]

Although Cessna failed to cite any authority for its motion, and did not submit a brief with authorities in support thereof, local Rule 12(a), the Court in the interest of justice hereby WAIVES the provisions of such rule, local Rules App. § 5(a), and hereby TREATS such motion as one for a protective order under Rule 26(c), Federal Rules of Civil Procedure.

Rule 26(c), *supra,* gives the Court in its discretion broad power to control the discovery process through the use of protective orders. *Chemical and Industrial Corp. v. Druffel,* C.A. 6th (1962), 301 F.2d 126, 129[3]. It is the policy of this Court to permit members of the bar practicing before it to discharge reasonably their legislative or executive functions in a manner which will not conflict with their responsibilities in matters pending before this Court. The third-party defendant failed to voice any opposition to Cessna's motion, and there is no claim of any hardship to any party herein by the rescheduling of the aforementioned deposition.

It thus appearing to the Court that justice requires the deposition involved to be rescheduled in order to protect Cessna and its counsel from undue burden, such motion hereby is GRANTED, and the Court hereby ORDERS that the deposition of Mr. Russell W. Meyer, Jr. be taken on a date other than January 14, 1977.[2] Rule 26(c)(2), Federal Rules of Civil Procedure. Counsel will attempt to arrange for a mutually-convenient time for the taking of such deposition and, failing to agree thereon, may reapply to the Court for such purposes.

Upon a showing of good cause, Cessna's unopposed motion for additional time in which to answer or object to the interrogatories dated November 22, 1976 propounded to it by the third-party defendant the United States of America (the government) hereby is GRANTED. Rule 33(a), Federal Rules of Civil Procedure. Cessna hereby is ALLOWED through and including January 10, 1977 in which to answer or object to the same.

Cessna moved separately for an order compelling the respective deponents Messrs. Everard D. Curry and Robert H. Stanton to complete their respective depositions " * * by answering all questions which [each] refused to answer previously upon [the] direction of * * * " counsel for the government. Rule 37(a)(2), Federal Rules of Civil Procedure. The government did not respond to such motions.

At the taking of each of the aforementioned depositions, the respective deponent, who in each situation was an employee of the Federal Aviation Administration, refused to answer certain questions propounded to him by counsel for Cessna. In each such instance the attorney representing the government " * * * [o]bject[ed] to the form of the question and direct[ed] the witness not to answer. * * * " Thus, the depositions terminated with no record of what the particular deponent would have stated had he not been directed not to answer the disputed questions. The government's conduct was wholly improper. As has been succinctly stated:

\* \* \* \* \* \*

---

1. Mr. Leitner represented to the Court in such motion that this committee meeting had been scheduled for this date since October 8, 1976.

2. The Court notices judicially that the standard practice of attorneys in this district in scheduling depositions is for opposing counsel to first consult one another and agree as to a mutually-convenient time and place for a particular deposition, and then to give appropriate notice thereof in accordance with Rule 30(b)(1), Federal Rules of Civil Procedure. Had such practice been followed in this instance, the parties could have perhaps resolved the apparent conflict in scheduling without intervention by the Court.

At the taking of a deposition, the witness will be examined and cross-examined by counsel for the parties in the same fashion as at a trial, with one important exception. If there is objection to a question, the reporter will simply note the objection in the transcript and the witness will answer the question despite the objection. The court can consider the objection if the deposition is offered at the trial, and at that time will refuse to allow reading of the answer to any question which was properly objectionable. If the witness refuses to answer a question put at a deposition, the examination may be adjourned, or completed on other matters, and application then made to the court to compel an answer. This is undesirable, since it delays the deposition and brings the court into a process which is intended to work largely without judicial supervision. * * *

* * * * * *

Wright, Law of Federal Courts (3d ed. 1976), 420, Oral Depositions § 84. "* * * Evidence objected to [at a deposition] must be taken subject to the objection. * *" 8 Wright & Miller, Federal Practice and Procedure: Civil 419, § 2113; accord: *Drew v. International Bro. of Sulphite & Paper Mill Wkrs.*, D.C.D.C. (1965), 37 F.R.D. 446, 449–450[6].

Counsel for the government "* * * had no right whatever to impose silence or to instruct the witnesses not to answer, * * *" and if he believed the questions to be improper he should have done nothing more than state his objections. *Shapiro v. Freeman*, D.C.N.Y. (1965), 38 F.R.D. 308, 311–312[3, 4]. "* * * [A]n objection [at a deposition on the ground of relevancy] does not warrant a refusal to answer the questions. * * *" *Drew v. International Bro. of Sulphite & Paper Mill Wkrs.*, *supra*, 37 F.R.D. at 450[7]; accord: *Preyer v. United States Lines, Inc.*, D.C.Pa. (1973), 64 F.R.D. 430, 431[1], [2] (although indicating that this rule might not be applicable where the deponent's refusal to answer is based upon his claim of privilege).

It results that the motions by Cessna hereby are GRANTED. Messrs. Everard D. Curry and Robert H. Stanton hereby are ORDERED to complete the taking of their respective depositions by answering fully and completely each and every question previously asked of them by counsel for Cessna which they heretofore refused to so answer. The Court hereby reserves for later determination the awarding of reasonable expenses to Cessna under Rule 37(a)(4), Federal Rules of Civil Procedure.[3]

■ The government moved the Court for an order compelling Mr. Obed T. Wells, an executive engineer for Cessna's Pawnee Division, "* * * to complete his [oral] deposition testimony by answering all questions [directed to him] pertaining to Cessna's 'top ten' list, which questions he refused to answer previously upon direction of counsel for * * *" Cessna. Rule 37(a)(2), Federal Rules of Civil Procedure. Cessna opposes such motion on the grounds that such testimony would be both irrelevant and privileged.

At the taking of the aforementioned depositions, counsel for Cessna objected to questions advanced by the government's attorney concerning the so-called "top ten" list purportedly maintained by one of Cessna's divisions on the ground that "* * * it [wa]s non-discoverable proprietary information. * * *" According to representations by Cessna's counsel such "* * * 'list' consists of confidential memoranda from staff meetings at corporate headquarters in Wichita, Kansas * * * [which] meetings [were] designed to review, analyze, and evaluate operations for the continued self-improvement in the quality of their respective products. * * *" Cessna submitted the affidavit of Mr. Walter B. Voisard, the chief engineer of its McCauley accessory division, to the effect that no such formal list was maintained for such division, and that the hub model involved in this lawsuit was never a topic of any top

---

**3.** Cessna should maintain an accurate record of any expenses necessitated by this motion including the additional expenses incurred by the retaking of the aforementioned depositions.

ten list at the Pawnee or Wallace divisions, since this model hub was never incorporated in a new aircraft manufactured by Cessna.

The Federal Rules of Civil Procedure authorize " * * * 'extremely broad' * * * " discovery; unless the requested information is either irrelevant or privileged it must be revealed. *United States v. Leggett & Platt, Inc.,* C.A. 6th (1976), 542 F.2d 655, 657[1]. Specifically, Rule 26(b), Federal Rules of Civil Procedure " * * * give[s] the [government] a right to inquire into 'any matter, not privileged, which is relevant to the subject matter involved in the pending action,' whether admissible at trial or not. This rule has been generously construed to provide a great deal of latitude for discovery. * * * " *Harris v. Nelson* (1969), 394 U.S. 286, 297, 89 S.Ct. 1082, 1089, 22 L.Ed.2d 281, 289[2, 10], rehearing denied (1969), 394 U.S. 1025, 89 S.Ct. 1623, 23 L.Ed.2d 50. " * * * The scope of [deposition] examination permitted under Rule 26(b) [*supra*], is broader than that permitted at trial. * * * The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence. * * * " *Mellon v. Cooper-Jarrett, Inc.,* C.A. 6th (1970), 424 F.2d 499, 500–501[2]. Furthermore, as Cessna concedes in its brief, "fishing expeditions" are permitted under the modern discovery rules. *Hickman v. Taylor* (1947), 329 U.S. 405, 507, 67 S.Ct. 385, 392, 91 L.Ed.2d 451, 460 (headnote 1).

Applying these criteria, the Court is of the opinion that the questions propounded to the above named deponent are " * * * relevant to the subject matter involved * * * " herein, Rule 26(b)(1), Federal Rules of Civil Procedure, and that such interrogation is reasonably calculated to lead to the discovery of admissible evidence.[4] *Idem.* This is true even though such sought testimony may not directly involve the McCauley division hub concerned herein, and even though such testimony might not be admissible at the trial herein.

Cessna further contends, however, that such information is protected by a qualified privilege protection information concerning its "top ten" list. Although some recent court decisions seemingly have recognized a qualified privilege against the discovery of certain confidential information concerning internal staff meetings of an entity which were designated to facilitate a self-improvement of the quality of its services to the public, the present circumstances do not warrant its complete application hereto.

In *Bredice v. Doctors Hospital, Inc.,* D.C. D.C. (1970), 50 F.R.D. 249, a medical malpractice action, the plaintiff sought to discover minutes and reports of the defendant hospital including those of certain staff meetings the sole objective of which was " * * * the improvement of medical procedures and techniques. * * * " *Ibid.,* 50 F.R.D. at 250[1]. In denying the plaintiff's request for the production of such documents, the court noted that the value of these discussions " * * * would be destroyed if the meetings and the names of those participating were to be opened to the discovery process * * * [and that] * * * [t]here is an [o]verwhelming interest in having those staff meetings held on a confidential basis so that the flow of ideas and advice can continue unimpeded. * * * " *Ibid.,* 50 F.R.D. at 250–251[1]. The basis of the Court's holding, however, was that, under such circumstances, the plaintiff had failed to show the "good cause" which was then required under Rule 34, Federal Rules of Civil Procedure, for the production of such minutes and reports. Here, there is no requirement that the government show "good cause" for its discovery by oral deposition under Rule 30, Federal Rules of Civil Procedure. Furthermore, the government does not seek herein copies of any minutes or reports arising from any "top ten" meeting by any of Cessna's divisions; rather its discovery involves very broad general questions posed to Mr. Wells.

---

**4.** For example, as the government argues, if the "top ten" list was utilized in some of Cessna's divisions but not in the McCauley division, such might tend to indicate that the latter divi-

sion was negligent in ignoring a standard of care, not only of the industry, but also of its own parent company.

Similarly, each of the additional cases cited by Cessna in support of its claim of privilege deals with a request by the party seeking such discovery to produce the actual minutes or other documents directly concerning matters occurring in such confidential meetings. *Bredice v. Doctors Hospital, Inc.,* D.C.D.C. (1970), 51 F.R.D. 187; *Banks v. Lockheed-Georgia Company,* D.C.Ga. (1971), 53 F.R.D. 283; *Gillman v. United States,* D.C.N.Y. (1971), 53 F.R.D. 316. Were the government seeking herein to obtain copies of the minutes or other reports of the actual discussions of Cessna's "top ten" meetings, this Court might be inclined to follow the principles enunciated in the aforecited cases; under such circumstances the Court would feel obligated to apply a balancing approach before allowing the wholesale disclosure of the specific details of any such meetings. *Cf. United States v. Leggett & Platt, Inc., supra,* 542 F.2d at 660[10]. However, the general questions posed to Mr. Wells by counsel for the government, which are the subject of the latter's motion to compel, do not at the present time fall into the category of materials which the aforementioned cases seek to protect.

The Court further notices that the qualified privilege urged by Cessna at the most remains largely undefined and has not generally been recognized by many authorities. Apparently neither Professor Moore nor Professors Wright and Miller, in their respective treatises on federal procedure,[5] have fully considered such a privilege.[6] In addition, in promulgating the proposed Federal Rules of Evidence, proposed Rules 501–513, the entire range of the recognized common-law privileges was reviewed, but there was no mention of any privilege of the type claimed herein.[7] " * * * [T]he deposition-discovery rules are to be accorded a broad and liberal treatment. * * * Mutual knowledge of all the relevant facts

gathered by both parties is essential to proper litigation. * * * " *Hickman v. Taylor, supra,* 329 U.S. at 507, 67 S.Ct. at 392, 91 L.Ed. at 469 (headnote 5).

For the foregoing reasons, the motion of the government hereby is partially GRANTED. The deponent Mr. Obed T. Wells hereby is ORDERED to complete his oral deposition testimony by answering the questions concerning Cessna's "top ten" list which he previously refused to answer. At the present time, however, the scope of such discovery hereby is LIMITED, Rule 26(c)(4), Federal Rules of Civil Procedure, to the government's inquiry as to the following:

(1) the existence, or lack thereof, of any such "top ten" list as to any or all of Cessna's divisions;

(2) whether or not the McCauley hub model involved herein was ever the subject of any such list, and if not, why such hub may not have been placed on any such list;

(3) the general nature of the types of Cessna products appearing on any such lists;

(4) the general procedure followed by a particular division of Cessna in any attempt to rectify the situation resulting in any such product being placed on such list; and,

(5) the general nature, function, and operation of the staff meeting concerning a "top ten" list.

The government hereby is ORDERED not to inquire as to any specific details concerning the discussions or events which may have occurred at one or more particular "top ten" meetings, or as to the contents of any records, reports, memoranda, minutes, or the like, which may have resulted from any such meeting without further permission from the Court upon a showing of additional necessity therefor. The Court holds under advisement the awarding of expenses to the government under Rule 37(a)(4), Federal Rules of Civil Procedure.

---

5. *I. e.* Wright & Miller, Federal Practice and Procedure; Moore's Federal Practice (2d ed.).

6. But see 4 Moore's Federal Practice (2d ed.), 1975 Supp. 31, ¶ 26.60, noting the aforecited cases.

7. Of course, such proposed rules were eliminated by the Congress which substituted in place thereof Rule 501, Federal Rules of Evidence.

All the other matters hereby are RESERVED.

The defendant and third-party plaintiff Cessna moved for the assignment of a "settlement conference" herein. Contrary to the *modus operandi* of some federal judges, although this Court is interested always in the prospects of a settlement prior to trial, it does not view its proper function as the inspiration of settlements by compromise of pending litigation. When adversary counsel have completed the thorough-going pretrial conferences required by the Court and a reasonable amount of discovery, it is believed that competent counsel will recognize the virtue of settlement and attend to such matters among themselves.

However, the allowance herein of a fourth-party action suggests the desirability of an additional pretrial conference at the conclusion of which the prospects of settlement will be a proper topic of discussion. Accordingly, the clerk will assign this action for an additional pretrial conference on Wednesday, January 19, 1977 at three o'clock in the afternoon at Winchester. Counsel may arrange an alternate date and time through the clerk if such assignment is inconvenient.