**FIRST TENNESSEE BANK, Knoxville, Tn., et al., Plaintiffs,**

v.

**FEDERAL DEPOSIT INSURANCE CORP., et al., Defendants.**

No. CIV–3–84–135.

United States District Court, E.D. Tennessee, N.D.

Jan. 31, 1985.

## MEMORANDUM AND ORDER

ROBERT P. MURRIAN, United States Magistrate.

First Tennessee Bank (FTB) moves for an order compelling a non-party deponent, Charles R. Watson, Jr., to respond to certain questions which his attorney would not let him answer during a December 10, 1984, deposition. Watson is a resident of Florida but, according to the notice of deposition, his deposition was taken in Knoxville at his attorney's office (Court File No. 186). It therefore appears that this is the proper forum. Rule 37(a)(1), Federal Rules of Civil Procedure. FTB also requests an order requiring Watson to appear in Knoxville again for further oral discovery and for an award of FTB's costs and attorney's fees in obtaining an order. Rule 37(a)(2), Federal Rules of Civil Procedure. A copy of the motion was served on Watson's counsel but no response has been made during the time allowed. Any such response is therefore waived. Local Rules 11(f) and 12(b).

It is well-settled that counsel should never instruct a witness not to answer a question during a deposition unless the question seeks privileged information or unless counsel wishes to adjourn the deposition for the purpose of seeking a protective order from what he or she believes is annoying, embarrassing, oppressive or bad faith conduct by adverse counsel. *See* Rules 26(b), 26(c), 30(c) and 30(d), Federal Rules of Civil Procedure; *Ralston Purina Co. v. McFarland,* 550 F.2d 967 (4th Cir. 1977); *Lloyd v. Cessna Aircraft Co.,* 74 F.R.D. 518 (D.C.Tenn.1977).

Here, counsel for Mr. Watson instructed him not to answer because he

believed the question posed had been asked and answered earlier in the deposition. FTB claims that Watson had never been asked to summarize all of the reasons that he felt the loan in question was a "problem loan." Brief, p. 9.

Under the applicable rules, counsel for Mr. Watson should have sought a protective order if he believed he had grounds therefor. *See* Rules 26(c), 30(d), Federal Rules of Civil Procedure. He did not. He had a right to demand that the deposition be suspended, Rule 30(d), *supra*, while he took the matter up with the Court, but he had no right under the circumstances to tell the witness not to answer.

■ It seems a bit ludicrous to require Watson to return to Knoxville at his expense just to answer the one question—a question that called for a summarization of problems with the loan and which concerned matters at least in part inquired into during four hours of previous testimony. But, I believe FTB is entitled to its answer.

Counsel for the parties and for Mr. Watson shall confer and seek to arrange reconvening of the deposition in Knoxville if Mr. Watson is to be here anyway during the near future. If not, then perhaps by agreement the question could be answered in a telephonic deposition. *See* Rule 30(b)(7), Federal Rules of Civil Procedure. Or, perhaps the question could be answered in response to a written interrogatory. If counsel cannot work this matter out, they may apply for relief from the undersigned.

■ It is therefore ORDERED that FTB's motion to compel discovery be GRANTED. Arguably, FTB ought to be awarded its expenses in obtaining this order and the award ought to be against Mr. Susano since he told Mr. Watson not to answer. *See* Rule 37(a)(4), *supra*. But, one mistake after four hours of allowing testimony to be taken from his client is not egregious conduct. I believe an award of expenses would be unjust here.