IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 18, 2001 Session

## ALFRED LEE BOWLING v. DOBBS BROTHERS BUICK-PONTIAC, INC., d/b/a DOBBS BROS. BUICK-PONTIAC/MITSUBISHI, INC.

**Direct Appeal from the Chancery Court for Shelby County**
**No. 107946-2    Floyd Peete, Chancellor**

_____

**No. W2000-01476-COA-R3-CV - Filed August 3, 2001**

_____

This appeal arises from the trial court's denial of a motion *in limine*. Employee was fired from his position at Company. At a pre-trial deposition, Manager testified on behalf of Company that Employee was terminated due to Manager's observation of Employee's lack of sales skills. Employee filed a motion seeking to bar testimony of other Company employees during the trial. These employees were to testify on Employee's lack of sales skills. Employee argued that this testimony would be inconsistent with Company's pre-trial deposition that Employee was terminated due to Manager's observation of his lack of sales skills. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Connie Westbrook, Memphis, Tennessee, for the appellant, Alfred Lee Bowling.

James Stephen King, Memphis, Tennessee, for the appellee, Dobbs Brothers Buick-Pontiac, Inc., d/b/a Dobbs Bros. Buick-Pontiac/Mitsubishi, Inc.

**MEMORANDUM OPINION**[1]

On April 16, 1996, Alfred Lee Bowling was fired from his position as Finance and Insurance Manager (F&I Manager) at Dobbs Brothers Buick-Pontiac, Inc. (Dobbs Brothers). Mr.

---

[1]Rule 10 (Court of Appeals). - **(b) Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

Bowling argued that he was fired because he was required to perform jury duty the previous day. Dobbs Brothers stated that Mr. Bowling was terminated from the F&I Manager position because his sales skills were inadequate; he had trouble processing paperwork; and he did not have the ability to perform his duties. After the termination, Dobbs Brothers offered Mr. Bowling a car sales position. Mr. Bowling rejected this offer and filed a suit for wrongful discharge against Dobbs Brothers.

At a pre-trial deposition, Jack Pirtle, the general manager of Dobbs Brothers, testified on behalf of the corporation.[2] Mr. Pirtle stated that he had personally observed Mr. Bowling's lack of sales skills and that these observations played a role in Mr. Bowling's termination. The remainder of Mr. Pirtle's testimony was a point of contention between the parties. Mr. Bowling argued that Mr. Pirtle testified that his termination was based solely on the personal observations of Mr. Pirtle. Dobbs Brothers argued that Mr. Pirtle also touched on several other issues during his deposition, including Mr. Bowling's lack of sales skills and his failure to process all required paperwork. In addition, Dobbs Brothers claims that Mr. Pirtle testified that other employees had observed Mr. Bowling's problems.

Upon this case going to trial, Alfred Bowling filed a motion *in limine* seeking to bar Dobbs Brothers from presenting any testimony that was "inconsistent" or "contradictory" to Mr. Pirtle's statements on behalf of the company. He filed this motion based upon federal case law that states that a corporation is required to provide representatives at depositions to offer binding testimony.[3] Mr. Bowling argued that testimony by other Dobbs Brothers employees as to his lack of sales skills or his lack of ability to do required paperwork was inconsistent with Mr. Pirtle's statements that it was his observations of Mr. Bowling's lack of sales skills that led to his termination. The court found such testimony was not inconsistent or contradictory and denied the motion. As a result, Dobbs Brothers called Maureen Callahan, a business manager at Dobbs Brothers, during the trial. Ms. Callahan testified that Mr. Bowling had trouble processing all the paperwork necessary for his job. Dobbs Brothers also called several car sales personnel who testified that they sought to avoid bringing potential customers to Mr. Bowling due to his lack of skills. After completion of the trial, a jury found for Dobbs Brothers. This appeal followed.

The issue, as presented by the Appellant, is as follows:

Did the trial court err in denying Mr. Bowling's motion *in limine* through its finding that Dobbs Brothers could introduce testimony by other employees as to Mr. Bowling's lack of sales skills?

---

[2] The point of contention in this appeal is Mr. Pirtle's testimony on behalf of Dobbs Brothers. All references in this opinion to Mr. Pirtle's testimony actually refer to the testimony of the Dobbs Brothers corporation and our decision to refer to it as Mr. Pirtle's testimony is only used for clarity.

[3] The federal cases cited were federal court interpretations of Rule 30(b)(6) of the Federal Rules of Civil Procedure.

To the extent that these issues involve questions of fact, our review of the trial court's ruling is *de novo* with a presumption of correctness. *See* Tenn. R. App. P. 13(d). Accordingly, we may not reverse the court's factual findings unless they are contrary to the preponderance of the evidence. *See, e.g., Randolph v. Randolph*, 937 S.W.2d 815, 819 (Tenn. 1996); Tenn. R. App. P. 13(d). With respect to the court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *See, e.g., Bell ex rel. Snyder v. Icard, Merrill, Cullis, Timm, Furen and Ginsburg, P.A.*, 986 S.W.2d 550, 554 (Tenn. 1999); Tenn. R. App. P. 13(d).

## Motion in Limine

Mr. Bowling asks this court to reverse the trial court's ruling that denied his motion *in limine*. Mr. Bowling argues that Rule 30.02 (6) of the Tennessee Rules of Civil Procedure, which details the procedure for taking the testimony of a corporation, should be interpreted by this court in the same manner as Rule 30(b)(6) of the Federal Rules of Civil Procedure, which details the same procedure.[4] Mr. Bowling notes that under the federal courts' interpretation of Rule 30(b)(6) of the Federal Rules of Civil Procedure, corporations are required to provide someone who will provide binding testimony on behalf of the corporation.[5] Mr. Bowling, in his motion *in limine,* sought to bind Dobbs Brothers to Mr. Pirtle's pre-trial deposition and affidavit and bar "evidence contrary to this position."[6]

We assume, ***arguendo***, that Tennessee has adopted Mr. Bowling's argument on the proper interpretation of Rule 30.02 (6) of the Tennessee Rules of Civil Procedure. Is the testimony of Ms. Callahan on Mr. Bowling's failure to process paperwork, evidence contrary to Mr. Pirtle's testimony on behalf of Dobbs Brothers? Is the testimony of sales people who bypassed Mr. Bowling to see another F&I manager contrary to Dobbs Brothers' testimony? Upon our review, we find that none of this testimony is contrary to the testimony Dobbs Brothers offered at its deposition or affidavit. Even if we were to accept Mr. Bowling's argument on the proper interpretation of Rule 30.02(6), this court would still affirm the trial court's finding that the testimony was properly presented by Dobbs Brothers and did not represent evidence contrary to its pre-trial testimony.[7] As such, we hereby affirm the trial court's ruling in this matter.

---

[4]The extent to which a Rule 30.02(6) deposition binds a corporation has not been determined by Tennessee courts.

[5]*See Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253,268 (2nd Cir. 1999); *Protective Nat. Ins. v. Commonwealth Ins.*, 137 F.R.D. 267,277-78 (D.Neb. 1989); *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D.Fla. 1995); *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70,75 (D. Neb. 1995).

[6]Mr. Bowling sought to restrict any testimony inconsistent with Mr. Pirtle's pre-trial testimony on behalf of Dobbs Brothers. Specifically, Mr. Bowling objected to any testimony during the trial in which it was suggested that his termination was based upon anything other than Mr. Pirtle's observations.

[7]This court stresses that we are making no interpretation on what extent Rule 30.02(6) of the Tennessee Rules of Civil Procedure binds a corporation, as such an interpretation is not required to review this case.

**Conclusion**

Based upon the foregoing conclusions, we hereby affirm the trial court's ruling. Costs on appeal are assessed against the appellant, Alfred Lee Bowling, and his surety, for which execution may issue if necessary.

_____

DAVID R. FARMER, JUDGE