**INDEPENDENT PETROCHEMICAL CORPORATION, et al., Plaintiffs,**

v.

**AETNA CASUALTY AND SURETY COMPANY, et al., Defendants.**

Civ. A. No. 83–3347.

United States District Court, District of Columbia.

April 15, 1987.

See also, 117 F.R.D. 292.

Jerold Oshinsky, Robert H. Shulman, Anderson Baker Kill & Olick, Washington, D.C. and Smith & Hulsey, Jacksonville, Fla., for plaintiffs; Randy K. Paar, Stephen C. Tupper, Anderson Russell Kill & Olick, P.C., New York City, of counsel.

Dennis M. Flannery, W. Scott Blackmer, Alan S. Tenenbaum, Wilmer, Cutler & Pickering, Washington, D.C. for Ins. Co. of North America.

MEMORANDUM AND ORDER

ARTHUR L. BURNETT, Sr., United States Magistrate.

Before the undersigned U.S. Magistrate is the motion of Insurance Company of North America's (INA) for *in camera* review of some seventeen (17) documents in connection with its motion to compel the plaintiffs to produce under Rule 37 of the Federal Rules of Civil Procedure, joined in by the defendant, the Aetna Casualty & Surety Company, which they claim are "common interest" documents required to be produced by the Court's opinion of May

2, 1986. In explaining the referenced documents, INA refers to the documents as being among those generated between 1974 and 1982 to minimize "something of common interest to both parties in this suit: exposure to liability from tort claimants." *Independent Petrochemical Corporation, et. al. v. The Aetna Casualty & Surety Company, et. al.*, C.A. No. 83–3347, Opinion of May 2, 1986 at page 39.[1]

Counsel for INA in their memoranda and representations at the hearing of August 6, 1986 have urged that the plaintiffs have a duty to produce these seventeen (17) documents, even if it becomes necessary for the plaintiffs to redact certain portions thereof, arguing that it seems unlikely that these seventeen (17) documents in their entirety relate to matters in anticipation of the issues involved in this coverage litigation. They urge that *in camera* examination by the U.S. Magistrate and redaction of any material not producible because it related to coverage issues disputes involved in this case could still permit the defendant insurers to obtain information critical to their defenses without compromising properly protected material, citing *Founding Church of Scientology v. F.B.I.*, 104 F.R.D. 459, 463–64 (D.D.C.1985) as au-

thority for just such an *in camera* inspection and redaction process.[2]

Plaintiffs' counsel have argued that the seventeen (17) documents are not "common interest" documents but relate specifically to insurance coverage issues which were the grounds for hiring Mr. F. William McCalpin and his firm as independent counsel. They assert that these seventeen (17) documents relate specifically to insurance coverage and reflect attorney-client communications or constitute attorney work product.[3] They assert that these seventeen (17) documents all deal with adversarial issues regarding insurance coverage, not issues relating to the defense of the underlying cases, relying on this Court's reference to *Eureka Investment Corp. v. Chicago Title Insurance Co.*, 743 F.2d 932 (D.C.Cir.1984), cited in the May 2, 1986 Opinion at page 39. They urge that redaction is no solution as the non-common interest privileged material is so pervasive that redaction would be impractical, inferring that the material left after redaction would be of no value to the defendant insurance carriers.

Following arguments on the outstanding discovery motions on August 6, 1986 and a review of the volumunious court file in this case, on November 17, 1986 this Magistrate

---

**1.** In so ruling the Court observed further: "... access to documents prepared in anticipation of those · [the underlying dioxin-related cases] claims are essential, and while those documents may be privileged from discovery by party opponents in the underlying claims, they cannot be privileged from the carriers obligated to shoulder the burden of defending against those claims ..."

"Consequently, plaintiffs may not withhold those documents designated in defendants' Attachment A unless they were prepared in anticipation of the issues under consideration by this court. Though some matters within those documents may be highly probative of the issues before the court, this court declines to set a *per se* rule that a coverage dispute wipes out an insurer's ability to receive documents necessary in defending the underlying claims." *Id.* at 39–40.

In subsequent filings the parties have noted that the reference to Attachment A should have been to Attachment 1 to the Aetna-INA Motion to Compel, filed February 10, 1986.

**2.** It is noted that in a July 10, 1986 letter from Mr. Robert H. Shulman on behalf of the plaintiffs to Messrs. James E. Rocap, counsel for

Aetna, and Alan S. Tenenbaum, counsel for INA, on this point, plaintiffs' counsel asserted that "[t]hese documents are either privileged communications with counsel or were prepared in anticipation of litigation with the carriers regarding the carriers' coverage obligations."

It is obvious that documents which are merely privileged communications with counsel but which were not prepared in anticipation of litigation with the carriers over their coverage obligations would not be exempted from production under the Court's singular standard as set forth in the May 2, 1986 opinion. Thus, the Magistrate rejects the plaintiff's use of dual grounds advanced in that letter for declining to produce the seventeen (17) documents at issue.

**3.** Counsel for the defendants correctly argue that documents "that relate specifically to insurance coverage" may or may not fall within the Court's standard that the documents are only to be withheld if they "were prepared in anticipation of the issues under consideration by the court."

ordered plaintiffs to submit the seventeen (17) documents for *in camera* examination "both in an unredacted version and in a redacted version if material 'prepared in anticipation of the issues under consideration by the court,' can be deleted therefrom." The Magistrate has again reviewed relevant portions of the court file and the unredacted and redacted versions of the documents at issue and has considered again the respective arguments of counsel.

Based on the foregoing arguments of counsel, the issues in this case now pending, and the Magistrate's *in camera* examination of the seventeen (17) documents, it is now hereby this 15th day of April, 1987

ORDERED:

1. That the defendant INA's motion to compel production be and is hereby DENIED as to:

—The letter of December 29, 1978 to F. William McCalpin from Kirk Baker re: *Drinkard v. IPC.*

—The letter of June 2, 1980 from F. William McCalpin to Greg F. Browne re: *Lori Piatt v. IPC.*

—The letter of July 2, 1980 from F. William McCalpin to J.H. Hill, Jr. re: Travelers

—The letter of July 7, 1980 from F. William McCalpin to J.H. Hill, Jr. re: *Lori Piatt et al v. IPC.*

—The letter of September 16, 1980 from F. William McCalpin to J.H. Hill, Jr. re: Missouri Dioxin Cases.

2. That the defendant INA's motion to compel production be and is hereby GRANTED as to:

—The letter of July 24, 1975 from F. William McCalpin to Kirk Barker re: *Hampel, et al. v. Bliss, et al.*

—The letter of August 27, 1975 from F. William McCalpin to Kirk Baker re: *Hampel et al. v. Bliss, et al.*

—The letter of August 9, 1976 to F. William McCalpin from Kirk Baker re: IPC litigation.

—The letter of January 4, 1977 to F. William McCalpin from Kirk Baker re: *Drinkard et al. v. Bliss, et al.*

—The letter of December 8, 1979 to F. William McCalpin from Kirk Baker re: Bliss related lawsuits.

—The letter of January 8, 1980 to Peat, Marwick, Mitchell & Co., from F. William McCalpin.

—The letter of August 24, 1982 from F. William McCalpin to David A. Kocian re: *Andrea Piatt et al., v. Bliss, et al.,* and *Lori Piatt et al. v. IPC.*

—The letter of September 9, 1982 to F. William McCalpin from William Buck re: Andrea and Lori Piatt.[4]

3. That the defendant INA's motion to compel be GRANTED, in part, and DENIED in part, in that redacted copies of the documents hereafter listed shall be produced with the deletions and redactions indicated:

—Memorandum to Jennings Hill of May 13, 1975, from Kirk Baker with items numbered 3, 4 and 5 deleted only.

—The letter of November 19, 1979 from F. William McCalpin to Kirk Baker in the redacted form as submitted by plaintiffs for *in camera* examination.

—The letter of August 4, 1981 to J.D. Schofield from F. William McCalpin with enclosure in the redacted form as submitted by plaintiffs for *in camera* inspection.

—The letter of July 26, 1982 to F. William McCalpin from J.H. Hill, Jr., in the redacted form as submitted by plaintiffs for *in camera* examination.

4. The plaintiffs shall comply with the foregoing paragraphs of this Order no later than 4:00 p.m., April 28, 1987, unless a motion for reconsideration is filed by any party, prior to that time, for review of this

---

**4.** Defendant INA also contends that the McCalpin to Kocian letter and the Buck to McCalpin letter were no longer privileged because copies had been sent to individuals without a need to know of the matters contained therein, and thus there had been a waiver, citing *Federal Trade Commission v. TRW, Inc.,* 479 F.Supp. 160, 163 (D.D.C.1979), *aff'd,* 628 F.2d 207 (D.C.Cir.1980). In deciding the issue as to these two (2) documents, the Magistrate has found it unnecessary to reach the issue of waiver.

ruling by the district judge to whom this case is assigned.

