Beverly GALL, et al., Plaintiffs,

v.

ST. ELIZABETH MEDICAL CENTER, Defendant.

Civ. A. No. C–3–89–170.

United States District Court, S.D. Ohio, W.D., at Dayton.

March 7, 1990.

Jeffrey M. Silverstein, Elaine Bernstein, Dayton, Ohio, for plaintiffs.

Michael W. Hawkins, Dayton, Ohio, Robert M. Lamb, Cincinnati, Ohio, for defendant.

## ORDER IN RESPONSE TO APPLICATION OF NOTARY PUBLIC

MICHAEL R. MERZ, United States Magistrate.

This case is before the Court upon Application of Notary Public Jean Long for Advice and Instructions (Doc. # 27), submitted at the request of Plaintiffs' counsel. While the Application is addressed to District Judge Herman J. Weber, Judge Weber has referred this case to the United States Magistrate for all pretrial proceedings.

From the application it appears that during the deposition of Plaintiff Beverly Gall, Defendant's counsel posed the question "Since you have been married have you ever been asked by any other man to have sex?" Plaintiffs' co-counsel, Mr. Folino, objected that the question was repetitive and instructed Mrs. Gall not to answer the question. Notary Long now asks this Court's advice and instructions as to whether Mrs. Gall should be obligated to answer the questions.

Ohio notaries public have authority to compel the attendance of witnesses at depositions and to punish them for refusing to testify. Ohio Revised Code § 147.07. However, a practice has arisen among court reporter notaries of not exercising that power without obtaining instructions from the court on the propriety of the questions being propounded. Messrs. Hawkins and Folino, the counsel participating in Mrs. Gall's deposition, implicitly acknowledged this practice by asking the court reporter to certify the question. (Application, Doc. # 27, p.4).

This procedure is, however, not recognized under the Federal Rules of Civil Procedure as an appropriate method of obtaining the Court's ruling on a discovery question. Fed.R.Civ.P. 30(c) provides in pertinent part "Evidence objected to shall be taken subject to the objections." The Federal Rules contemplate that a witness will answer all questions except those to which he objects on grounds of privilege or revelation of a trade secret and that other objections will be reserved for trial. 4A Moore's Federal Practice ¶ 30.59.

The exclusive means for obtaining a formal ruling by a court on a discovery objection are set forth in the reciprocal provisions of Rules 26, 30, and 37 for motions for protective order or to compel. A party who believes a deposition is being taken in an improper manner or for an improper purpose may move for a protective order under Rule 26 or an order terminating a deposition under Rule 30. Conversely, a party who believes an answer has been refused improperly may move to compel under Rule 37.

Aside from the fact that the Federal Rules do not explicitly authorize it, the policy reasons for not recognizing the Ohio practice are several. First of all, depositions upon oral examination are costly and it can only add to the cost to permit their interruption for applications to the court. Secondly, applications from notaries come to the court without the briefing which would accompany a motion for protective order or to compel, leaving the court to decide on a relatively barren record. Thirdly, the practice circumvents the local federal practice of requiring the parties to attempt to resolve discovery disputes extrajudicially. S.D.Ohio R. 4.3.3. In a sense, it gives the parties access to a court ruling too easily, since the objection may disap-

pear before the deposition is used at trial and the objection is made without running the risks of sanctions for improper objections under Rule 37.

Accordingly, the court reporter is advised to proceed no further with respect to the matter on which she seeks the Court's advice and instructions. The Court will consider an appropriate motion for protective order or motion to compel and any sanctions appropriate in the premises will be imposed by the Court under Rule 37.

■ The Court offers the following observations for the guidance of counsel. First of all, the fact that a question is repetitive is not an appropriate ground for instructing a witness not to answer a question, since it does not involve a matter of privilege. Secondly, counsel are reminded of their obligations under S.D.Ohio R. 4.3.3 and 4.3.4 not to file motions for protective order or to compel without having exhausted extrajudicial means to resolve the controversy and certifying what means have been attempted to the Court.