NATIONAL MICROSALES CORPORATION, Plaintiff,

v.

The CHASE MANHATTAN BANK, N.A., Defendant.

No. 88 Civ. 8437 (RWS).

United States District Court, S.D. New York.

April 10, 1991.

---

4. See footnote 2, *supra*.

Bivona & Cohen, New York City, for plaintiff; Robert A. Bloom, of counsel.

Kent T. Stauffer, The Chase Manhattan Bank, N.A., Litigation Div., New York City, for defendant; Laura Effel, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff National Microsales Corporation ("NMC") has moved for summary judgment on its complaint against defendant Chase Manhattan Bank, N.A. ("Chase"). NMC has also moved for sanctions against Chase for its conduct in discovery. For the following reasons, the motion for summary judgment is granted in part and denied in part. The motion for sanctions is denied at this time, with leave to renew at the close of litigation.

*Prior Proceedings*

The parties and the underlying dispute are described in more detail in the earlier opinion in this case dated October 13, 1989, 1989 WL 125884 as amended on October 20, 1989 ("the Opinion"). *NMC v. Chase Manhattan Bank*, 88 Civ. 8437 (RWS) (S.D.N.Y. Oct. 20, 1989). NMC is a Connecticut corporation engaged in the business of buying and selling computer output microfilming ("COM") equipment. Chase is a national bank which in 1988 entered into negotiations with NMC to sell some of its used COM equipment to NMC for resale. When Chase subsequently sold the equipment to a third party, NMC filed this diversity suit alleging breach of contract.

In June 1989, Chase moved for summary judgment dismissing NMC's complaint on the basis of the Statute of Frauds. N.Y.U. C.C. § 2–201(1). NMC cross-moved for summary judgment striking Chase's affirmative defense of the Statute of Frauds on the grounds that the contract was covered by the "merchant's exception" to the Statute. N.Y.U.C.C. § 2–201(2). Both motions were denied in the Opinion, because there was a factual dispute as to whether Chase was a "merchant" for UCC purposes. Opinion at 6–7.

The parties thereafter engaged in discovery related to the issue of Chase's status as a merchant of COM equipment. On November 30, 1990, NMC renewed its motion for summary judgment striking Chase's Statute of Frauds defense and also sought entry of judgment in its favor. The motion was argued on December 21, 1990.

Facts

The principal facts relied upon by NMC on the present motion relate to Chase's activities in the disposal of used COM equipment. Based upon its own review of Chase's records, NMC asserts without contradiction that the value of used COM equipment disposed of by Chase during the years 1987 through 1989 totalled nearly

$6.5 million dollars. NMC also points to Chase's adoption of uniform procedures for purchasing new equipment and disposing of used equipment and other "surplus fixed assets," including procedures for soliciting bids from prospective purchasers of surplus property.

Chase's response is based primarily on the affidavit of George J. Stehle ("Stehle"), Chase's vice president in charge of office purchasing and contracts administration. Stehle testified that Chase never purchases goods for resale and that Chase has no specialized knowledge concerning the goods which it buys for its own use. He also stated that Chase had no familiarity with the market for the equipment which it purchased, and that when it disposes of surplus goods, it generally sells them to resellers, rather than end users, and usually sells the equipment for less than fair market value.

*Discussion*

The standards for summary judgment are set forth in the Opinion. The court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Summary judgment is warranted only if "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510.

1. Chase is a Merchant for Purposes of the UCC.

■ Section 2–104 of the UCC defines a merchant as "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction...." N.Y.U.C.C. § 2–104(1). The Official Comment to this section states that

The special provisions as to merchants appear only in this Article and they are of three kinds. Sections 2–201(2), 2–205, 2–207 and 2–209 dealing with the statute of frauds, firm offers, confirmatory memoranda, and modification rest on

normal business practices which are or ought to be typical of and familiar to any person in business. For purposes of these sections almost every person in business would, therefore, be deemed to be a "merchant" under the language "who ... by his occupation holds himself out as having knowledge or skill peculiar to the practices ... involved in the transaction ..." since the practices involved in the transaction are non-specialized business practices such as answering mail.

N.Y.U.C.C. § 2–104 Official Comment 2 (McKinney's 1964). This comment implies that Chase's familiarity with the goods it purchases and sells is sufficient to establish that it is a merchant for the purposes of § 2–201. *American Plastic Equipment, Inc. v. CBS, Inc.*, 886 F.2d 521, 528 (2d Cir.1989) (construing same UCC comment under New Jersey law to conclude that defendant "held itself out as having sufficient familiarity with the postal system and the answering of mail to be considered a merchant under § 2–102"). For Statute of Frauds purposes, the scope and extent of Chase's activities qualify it for merchant status under the UCC.

2. Summary Judgment on the Complaint is not Warranted.

■ Although Chase is therefore precluded from relying on the Statute of Frauds as an affirmative defense to NMC's action, this does not necessarily resolve the case. As the Official Comment to § 2–201 explains

Between merchants, failure to answer a written confirmation of a contract within ten days of receipt is tantamount to a writing under subsection (2) and is sufficient against both parties under subsection (1). The only effect, however, is to take away from the party who fails to answer the defense of the Statute of Frauds; *the burden of persuading the trier of fact that a contract was in fact made orally prior to the written confirmation is unaffected.*

N.Y.U.C.C. § 2–201 Official Comment 3 (McKinney's 1964) (emphasis added). Because there is a factual dispute between the parties concerning whether there was

ever an oral agreement to sell the COM equipment in question to NMC, summary judgment is inappropriate. However, because it appears that this question is dispositive of the question of Chase's liability to NMC, further proceedings should be directed toward determining whether or not the alleged oral agreement existed.[1]

3. Sanctions Against Chase are Not Warranted At This Time.

■ NMC seeks sanctions against Chase for what it perceives as abuse of the discovery process, based primarily on Chase's conduct prior to and during Stehle's deposition on November 20, 1990. Although NMC claims to seek sanctions under both Rule 11 and Rule 37 of the Federal Rules of Civil Procedure, the motion appears to be directed toward the discovery process rather than any "pleading, motion, or other paper" signed by Chase. Therefore, sanctions under Rule 11 are not appropriate.

■ NMC's argues that Chase should be sanctioned for (1) failing to produce documents as directed by the Court; and (2) obstructing Stehle's deposition. The first complaint is based on this Court's order of March 15, 1990, directing Chase to produce "[a]ll summaries of records concerning sale of micrographic equipment for the years 1986, 1987, 1988, 1989 and 1990 to date, . . . and the summaries of any records concerning the trade-in of such equipment as against new purchases." *NMC v. Chase Manhattan Bank*, 88 Civ. 8437 (RWS) Order at 1 (S.D.N.Y. Mar. 15, 1990) ("the Order"). NMC apparently believes that the Order directed Chase to compile such summaries and produce them, while Chase argues that it merely directed production of those summaries already in its possession. Chase's interpretation is correct, and based on its representations that no such

summaries exist, its non-production was in no way sanctionable.

■ As for Stehle's deposition, NMC argues that counsel for Chase objected to questions and refused to allow the witness to answer. The first objection was made in response to a question regarding an invoice supplied to Chase in a business transaction. Stehle admitted that he was familiar with the type of document in question, but counsel refused to permit him to testify as to the meaning of the data contained in the document. Not only was counsel's objection ill-founded, her refusal to permit the witness to answer the question over the objection was a violation of Federal Rule of Civil Procedure 30(c). This Rule, which governs the taking of depositions, provides that "[e]vidence objected to shall be taken subject to the objections." Except in the case of a question which calls for privileged information, "[t]he proper procedure to follow when an objection is raised to a question propounded in a deposition is for the attorney who raises the objection to note his objection but to allow the question to be answered." *Hanlin v. Mitchelson*, 623 F.Supp. 452, 455 (S.D.N.Y.1985), *aff'd in part, rev'd on other grounds*, 794 F.2d 834 (2d Cir.1986); *accord Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977); *Chira v. Lockheed Aircraft Corp.*, 85 F.R.D. 93, 99 n. 8 (S.D.N.Y.), *aff'd*, 634 F.2d 664 (2d Cir.1980); *Shapiro v. Freeman*, 38 F.R.D. 308, 311–12 (S.D.N.Y.1965) ("It is not the prerogative of counsel, but of the court, to rule on objections.").

"Moreover, once the deponent refuses to answer, the examining party has 'the option of suspending the examination and moving immediately for a court order compelling an answer, or of completing the examination as to other matters and the moving for such an order.'" *Kamens v. Horizon Corp.*, 81 F.R.D. 444, 445 (S.D.N.

---

1. Chase also opposes NMC's use of its lost profits as an appropriate measure of its damages, asserting that "plaintiff's remedies are governed by UCC § 2–711, which does not include recovery of lost profits." However, § 2–715 permits recovery of incidental and consequential damages, which may include the buyer's lost profits where the breaching seller had reason to know of the buyer's plans to resell the goods. *Texpor*

*Traders, Inc. v. Trust Co. Bank*, 720 F.Supp. 1100, 1113–14 (S.D.N.Y.1989). Moreover, under § 2–713 a buyer is entitled to damages based on the fair market value of the goods. Chase's sale of the goods here to a third party constitutes at least some evidence of the market value, which would more than support damages in the amount claimed by NMC.

**308**

Y.1979) (quoting 4A Moore's *Federal Practice* ¶ 37.02[2] (2d ed. 1978)). Thus Chase's objection to adjourning the deposition pending a resolution of NMC's complaint was also unfounded.

However, despite Chase's failure to observe the proper procedures, sanctions under Rule 37 are not appropriate. The appropriate remedy would have been for NMC to move under Rule 37(a) for an order compelling answers to its questions. As set forth in Rule 37(b), sanctions may be awarded only where a party has violated such an order: "If a deponent fails to be sworn or to answer a question *after being directed to do so by the court* ... the failure may be considered a contempt of that court." F.R.C.P. 37(b)(1). Because there was no order compelling Stehle to answer NMC's questions, no sanctions can be awarded. Moreover, as the issue regarding Chase's status as a merchant has been decided in NMC's favor, it seems likely that no further discovery from Stehle will be necessary. However, in the event that NMC encounters further difficulty in obtaining proper discovery from Chase, it may renew its motion for Rule 37 sanctions.

*Conclusion*

NMC's motion is granted to the extent of striking Chase's affirmative defense based on the Statute of Frauds and UCC § 2–201. The motion is denied to the extent that it request judgment in NMC's favor on the complaint. NMC's motion for sanctions is denied with leave to renew as future developments warrant.

It is so ordered.