**HEARST/ABC–VIACOM ENTERTAINMENT SERVICES**

v.

**GOODWAY MARKETING, INC., CPN, Inc., Donald L. Wolk and Beryl J. Wolk.**

**Civ. A. No. 87–1638.**

United States District Court, E.D. Pennsylvania.

Nov. 17, 1992.

Howard Eisenberg, Montgomery, McCracken, Walker & Rhoads, Philadelphia, Pa., for plaintiff.

Paul Breen, Pepper, Gordon, Breen & Weinberg, Philadelphia, Pa., for defendants.

## MEMORANDUM & ORDER

EDWIN E. NAYTHONS, United States Magistrate Judge.

This matter is before the Court on Plaintiff's Motion to Compel the Defendants—Judgment Debtors Beryl Wolk and Donald Wolk to Appear at Deposition and for Sanctions.

In support of their motion plaintiffs aver that by reason of defendants' failure to comply with certain obligations pursuant to a Stipulation of Settlement between the parties in this matter on December 17, 1991, the District Court entered a confession of judgment against defendants Goodway Marketing, Inc., CPN, Inc., Donald L. Wolk, and Beryl J. Wolk in the amount of Three Hundred Eighty Thousand, Six Hundred and Thirty–Six Dollars and Seventy–Five Cents ($380,636.75). On April 21, 1992, pursuant to Rules 30 and 69(a) of the Federal Rules of Civil Procedure, plaintiff/judgment creditors noticed the deposition of the judgment debtors, the brothers and owners, directors and officers of the

corporate defendants for May 19, 1992. On May 20, 1992, the Wolks appeared for their depositions. Before any testimony could be taken, the Wolks advised that they desired counsel in order to proceed and had not yet retained counsel. At their request a sixty (60) day adjournment was granted and the depositions were suspended and rescheduled for July 21, 1992 so that the Wolks would be able to retain counsel. It was further agreed that the examinations would proceed on that date, whether or not the Wolks had retained counsel by that time.

Shortly after the scheduled 10:00 a.m. commencement of Beryl Wolks' deposition on July 21, plaintiff's counsel was contacted by defendant's present counsel and advised that he represented the Wolks, had been their counsel for many years and claimed that he had been advised that morning that depositions were to take place that day. Beryl Wolk arrived for his examination at 10:30 a.m. and his examination commenced shortly thereafter with defense counsel first telephoning Mr. Wolk, and, thereafter, appearing at the deposition which was then underway. During the examination, after instructing Beryl Wolk not to answer a number of questions on the grounds of relevance, defense counsel directed that the examination of Beryl Wolk was then concluded. Moreover, defense counsel further advised that Donald Wolk would not testify, despite the fact that Mr. Wolk was then physically present and available. Despite plaintiff's counsel's protests, defense counsel directed that his clients leave and not return. The Wolks followed those directions.

Neither Beryl Wolk, Donald Wolk nor anyone on their behalf has sought or obtained protective relief in this matter since July 21, 1992.

In opposition to plaintiff's motion defense counsel, on behalf of the Wolks, alleges that plaintiffs' counsel has conducted the deposition in bad-faith and in a manner as to unreasonably annoy, embarrass, oppress, intimidate and humiliate both defendants and defense counsel as well. Specifically, counsel alleges that plaintiff's counsel engaged in "name calling" and referred to defense counsel as uneducated and ignorant; continually argued with the witness and asked irrelevant questions designed not to discover assets but to annoy the witness such as, where his secretary sat; whether the witness had a suntan; when Beryl Wolk who is over sixty years of age—first started working; where he and his wife shop for clothing; what clothes he owns; whether in view of the fact that there were almost three million dollars in judgments against him would he ever stop relying on the advice of his brother; and further asked the witness to "assume" facts all in disregard of proper deposition procedure and decorum.

## DISCUSSION

Depositions of defendants were terminated and the depositions adjourned prior to their completion at the insistence of defendant's counsel. Defense counsel has not sought a protective order protection barring further deposition testimony but merely argues that plaintiffs' motion for sanctions be denied and that he be reimbursed for fees incurred in responding to plaintiff's motion; and further that Mr. Tofel, the attorney propounding the questions to the defendants, be barred from participating in this case in any capacity.

During the discovery process Rule 26(c) of the Federal Rules of Civil Procedure provides a general authority for the issuance of orders protecting a party or person "from annoyance, embarrassment, oppression or undue burden or expense." However, once a deposition has been commenced, protection against abuse is afforded under the more specific provisions of Rule 30(d), which states:

At any time *during the taking of the deposition,* on motion of a party or of the deponent and *upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass or oppress the deponent or party,* the court in which the action is pending ... *may order the officer conducting the examination to cease forthwith from taking*

*the deposition,* or may limit the scope and manner of the taking of the deposition as provided in Rule 26(c). If the order made terminates the examination, it shall be resume thereafter only upon the order of the court in which the action is pending. Upon remand of the objecting party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order. The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion. (emphasis added).

While the issuance of an order terminating a deposition is a matter within the sound discretion of the court, "the power to halt or limit examination is sparingly used." *4A J. Moore, J. Lucas, Moore's Federal Practice* ¶ 40.61 (2d ed. 1991). To obtain a protective order under Rule 30(d), "the moving party must show that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the witness or party. Unless a sufficient showing of these grounds are made the motion will be denied." *8 C. Wright & A. Miller, Federal Practice and Procedure* § 2116, at 428 (1970). Moreover, as one commentator has warned, an objecting party who demands the termination of a deposition "may subject himself to costs and reasonable expenses, which may be considerable where the taking of the deposition has ceased upon demand, if the court finds that his motion for a protective order has no substantial basis." *4A J. Moore, J. Lucas, Moore's Federal Practice* ¶ 40.61 (2d ed. 1991).

The problem presented in this case, is that although several aspects of the instant deposition fall squarely within the Rule 30(d) requirement of unreasonableness and oppression of the deponent defense counsel never made a Rule 30(d) motion to the Court to terminate the examination. In fact, defense counsel went so far as to arrogate to himself the right to terminate the examination in a unilateral fashion without consideration of the applicable legal authority. Deposition Tr. at 98–101. This tactic contravenes the requirement

that an application to terminate must be made to the court.

It is not the prerogative of counsel, but of the court, to rule on objections. Indeed, if counsel were to rule on the propriety of questions, oral examinations would be quickly reduced to an exasperating cycle of answerless inquiries and court orders. Alternatively, if the plaintiffs' [defense] attorney believed that the examination was being conducted in bad faith ... or that the deponents were being needlessly annoyed, embarrassed, or oppressed, he should have halted the examination and applied immediately to the *ex parte* judge for a ruling on the questions, or for a ruling on the questions or for a protective order, pursuant to Rule 30(d). *Shapiro v. Freeman,* 38 F.R.D. 308, 311–12 (S.D.N.Y.1965) (footnotes omitted).

Defense counsel's after-the-fact attempt to reconcile the unilateral termination of the Wolks' depositions with the requirements of Rule 30(d) was disingenuous, at best. The various justifications put-forth in his memorandum bear little resemblance to the reasons given by defense counsel when he ended the deposition. Still, and up to this day, defense counsel has not applied for a protective order under Rule 30(d), some four months later. If defense counsel believes that the deposition was being conducted in bad faith, or that Mr. Wolk was being unreasonably annoyed, embarrassed or harassed, again he should have suspended the deposition at that juncture, stated his complaints on the record, and applied immediately to the court for protection under Rule 30(d). *See: In Re Air Crash Disaster at Detroit Metropolitan Airport on August 16, 1987,* 130 F.R.D. 627 (E.D.Mich.1989); *Blair v. H.K. Porter Co., Inc.,* No. 85–4278, slip op., 1986 WL 9593 (E.D.Pa. Aug. 29, 1986); *Paparelli v. Prudential Inc. Co. of America,* 108 F.R.D. 727, 730–31 (D.Mass.1985).

■ Ultimately, it is apparent that defendants' arguments completely fail to justify the termination of the Wolk deposition under the standards described in Rule

30(d). While there is no question that the deposition has already consumed several hours and will likely require still more time to complete, the length of the deposition, alone, is not indicative of bad faith on the part of plaintiffs' counsel, and it does not constitute a sufficient reason for terminating the deposition under Rule 30(d). Clearly, the length of the deposition must be considered in light of the nature of the action, the issues raised and the deponent's involvement in the case. Here, the Wolks have repeatedly avoided and ignored their obligations under Rule 69 including their independent on-the-record agreements to provide depositions testimony on July 21. Initially the judgment debtors caused a sixty-day delay in those depositions and then with the aid of counsel, have frustrated and avoided giving testimony. Moreover, despite the clear language of the notice for his examination, Beryl Wolk produced no documents of the nature requested at his aborted examination. The Wolks' conduct and the conduct of their counsel cannot be condoned.

■ Plaintiff further note that the depositions were not only wrongfully terminated but that defense counsel acted improperly in instructing the deponent not to answer various questions propounded on the ground that the questions were irrelevant or had been asked and answered. Plaintiff's counsel therefore seeks an order compelling the resumption of the Wolk depositions and directing the deponents to answer the questions to which such objections were raised.

■ The action of defense counsel in directing Beryl Wolk not to answer certain questions on the ground that they were irrelevant was clearly inappropriate. Rule 30(c) provides that "evidence objected to shall be taken subject to objections" except where a question calls for privileged information it is considered improper for counsel at a deposition to instruct the deponent not to answer. *Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977); *The Great Southern Company v. Kleinman*, No. 87 C 5822, slip op., 1991 WL 86060 (N.D.Ill. May 8, 1991); *National*

*Microsales v. Chase Manhattan Bank*, 761 F.Supp. 304, 307 (S.D.N.Y.1991); *American Hangar, Inc. v. Basic Line, Inc.*, 105 F.R.D. 173, 177 (D.Mass.1985). More particularly, the fact that a question is repetitive or irrelevant is not an appropriate ground for instructing a witness not to answer a question, since it does not involve a matter of privilege. *Gall v. St. Elizabeth Medical Center*, 130 F.R.D. 85, 87 (S.D.Ohio 1990). "The proper procedure to follow when an objection is raised to a question propounded in a deposition is for the attorney who raises the objection to note his objection but to allow the question to be answered." *Hanlin v. Mitchelson*, 623 F.Supp. 452, 455 (S.D.N.Y.1985) affirmed in part reversed on other grounds, 794 F.2d 834 (2d Cir.1986).

During the Beryl Wolk deposition, the deponent was instructed not to answer on a number of occasions based on objections by defense counsel that the questions were irrelevant. In each instance, the direction not to answer was not based on any claim of privilege and was without justification. Consequently the court will order that the Wolk depositions be resumed and that they answer all questions for which such objection was asserted.

## SANCTIONS

■ Rule 37(a)(4) requires a court to award reasonable expenses, including attorneys fees to the party prevailing on a discovery motion, unless the losing party is found to have been "substantially justified" or if "other circumstances make an award of expenses unjust." In this case, the court finds that defense counsels' actions at the deposition and his failure to file for a protective order were not substantially justified and that no other circumstances exist which would make an award of expenses in favor of plaintiffs' unjust. In addition, defendants have submitted nothing in opposition to plaintiff's Motion to Compel except the argument that Mr. Tofel, an attorney from the State of New York, was never admitted to practice before this Court. Local Rule 13 of the East-

ern District of Pennsylvania reads as follows:

"Except for attorneys appearing on behalf of the United States Government or a department or an agency thereof pursuant to Rule 11(e) any attorney who is not a member of the Bar of this Court shall, in each proceeding in which he desires to appear, have as associate counsel record a member of the Bar of this Court upon whom all pleadings, motions, notices and other papers can be served conformably to the Federal Rules of Civil Procedure of this Court."

The record discloses that Jeremey Mishkin, Esquire of Montgomery, McCracken, Walker and Rhoads, is counsel of record, and has complied with the Local Rules in that he has acted as associate counsel of record for New York counsel. However, Section (b) of the same rule reads that "an attorney who is not a member of the bar of this court shall not actively participate in the conduct of any trial or of any pretrial ... proceeding before this court, unless, upon application, leave to do so shall have been granted." As of this filing, the Court has received copies of local counsel's motion to admit Robert L. Tofel, Esquire and Mark A. Lopeman, Esquire, *pro hac vice*. Thus any further proceedings in the way of depositions shall not be conducted by him unless and until the formal application is approved by either the Honorable James McGirr Kelly, United States District Court Judge, or this U.S. Magistrate Judge.

■ Finally, there is no basis on which this Court could find that defendants and its counsels' actions to have been "substantially justified" with respect to the matters raised in the Motion to Compel. Moreover, the Court is convinced that responsibility for the discovery abuses which have occurred in this case rests solely upon defense counsel and his clients and not upon the plaintiffs or their local counsel or out of state counsel. Accordingly, counsel for defendant, as well as Donald and Beryl Wolk will be ordered to pay the reasonable expenses, including attorneys fees incurred by plaintiffs in filing and preparing the motion to compel discovery. The court declines to award expenses or attorneys' fees in connection with the resumption and completion of defendant's depositions. *See American Hangar, Inc., supra,* 105 F.R.D. at 176.

Accordingly, an appropriate Order will be entered.

## ORDER

AND NOW, this 17th day of November, 1992, for the foregoing reasons, plaintiffs' Motion to Compel Defendants' Judgment Debtors Beryl Wolk and Donald Wolk to appear at depositions is Granted.

IT IS FURTHER ORDERED as follows:

1. The depositions of defendants Beryl Wolk and Donald Wolk shall be resumed under the direct supervision of the Court in Courtroom 2 at times and dates to be established during a telephone conference between the Court and counsel on Monday, November 30, 1992, at 10:30 A.M. Counsel for plaintiffs will initiate the conference call. Defendants shall be responsible for retaining a private certified court reporter for the depositions.

2. The deposition of defendants Donald and Beryl Wolk may be resumed, at the option of plaintiffs, upon notice issued within twenty (20) days of this date.

3. Defendants shall produce all documents and materials requested in the Notice of Deposition and shall provide proper identification of all documents and materials covered by the request within twenty (20) days of this date.

4. Because the motion to compel filed by plaintiffs does not include any supporting memorandum[1] of law as required by Local Rule of Civil Procedure 20(c) demonstrating any research being undertaken the Court awards counsel fees and costs for the preparation of the Motion to Compel Discovery in the sum of Five Hundred Dollars ($500) shall be paid by defense counsel and/or his clients to plaintiff's counsel.

---

1. The Memorandum of Law replying to defendant's answer received on November 17th does not comply with Local Rule 20(c) and will not be considered in assessing fees and costs.

Payment shall be made within ten (10) days of receipt of this Order.