**FURNITURE WORLD, INC., Plaintiff,**

v.

**D.A.V. THRIFT STORES, INC., Defendant.**

**No. Civ 95–902 LFG/LCS.**

United States District Court, D. New Mexico.

June 4, 1996.

Daniel E. Duncan, Duncan Law Office, Albuquerque, NM, for Furniture World, Inc., a New Mexico Corporation dba Valley Furniture Warehouse dba Furniture Warehouse.

Marshall G. Martin, Molly B. McIntosh, Hinkle, Cox, Eaton, Coffield & Hensley, Albuquerque, NM, Lee Hodges, Birmingham, AL, for D.A.V. Thrift Stores, Inc., an Alabama Corporation dba Furniture Factory Warehouse.

## MEMORANDUM OPINION AND ORDER

SMITH, United States Magistrate Judge.

THIS MATTER having come before the Court on Plaintiff's Motion to Compel and Memorandum, filed May 9, 1996, and Plaintiff's Second Motion to Compel and Memorandum, filed May 15, 1996, the Magistrate Judge having reviewed the briefs submitted in connection therewith and the entire rec-

ord, finds that the motions are well-taken and that said motions should be granted.

## I.   Plaintiff's First Motion to Compel

At the deposition of the Defendant's expert witness, Ms. Nancy Byers, counsel for Defendant objected to certain questions propounded by Plaintiff's counsel and directed that the witness not answer those questions on the basis of the "work product" doctrine. **See** *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Defendant had retained Ms. Byers, a marketing consultant, to provide her expert opinion with respect to the generic nature of the terms "valley" and "furniture" and their use together in the name of a retail furniture store. The objections went to questions concerning what documents counsel furnished to Ms. Byers and whether or not she had performed "market research" or other research with regard to the term "Valley Furniture Warehouse" and other similar names. In addition, Defendant contends that it consulted with her in anticipation of a potential need for a rebuttal witness to Plaintiff's expert's testimony. Defendant, however, does not expect to call Ms. Byers on rebuttal. Defendant maintains that in the process of consulting with Ms. Byers, counsel outlined her legal opinions, ideas, and theories of the case including how she thought the Plaintiff might present its case. Consequently, the Defendant argues that the work product doctrine should apply.

### A.   Deposing Ms. Byers as an Expert Expected to Testify at Trial

■ Rule 26(a)(2) of the Federal Rules of Civil Procedure deals with the deposition of expert witnesses expected to testify at trial. In 1993, Rule 26(a)(2) was amended in a number of ways. Among the dramatic changes enacted that year were the addition of certain provisions related to discovery of the names, qualifications and opinions of expert witnesses. The rationale behind these changes was to "secure the just, speedy and inexpensive determination of every action." Fed.R.Civ.P. 1.

■ Rule 26(a)(2) provides that disclosure of a party's expert together with a copy of a written report is to be furnished to the opposing party as directed by the court. The report is required to include, **inter alia,** a "complete statement of all opinions to be expressed and the basis and reasons therefor; the data **or other information considered** by the witness in forming the opinions . . ." (emphasis added). The committee comment provides:

> Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions—whether or not ultimately relied upon by the expert—are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.

Additionally, Rule 34(c) provides that a "person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." When Rule 34(c) is read with Rule 26(a)(2), it is clear that all documents provided to a party's expert witness must be produced on request. *Corrigan v. Methodist Hospital,* 158 F.R.D. 54 (E.D.Pa.1994). **See also** *Intermedics, Inc. v. Ventritex, Inc.,* 139 F.R.D. 384 (N.D.Cal.1991).

In *Intermedics,* a case remarkably similar factually to the present case although decided prior to the 1993 amendments, the court required revelation of the documents furnished to the expert based on a fairness analysis. The reasoning in *Intermedics* is made even more compelling in light of the revisions contained in Rule 26(a)(2). Considering the rules and case law such as *Intermedics,* I find that the Defendant should comply with the Plaintiff's requests for discovery from Ms. Byers in her capacity as an expert expected to testify at trial.

### B.   Deposing Ms. Byers as a Consulting Expert

■ Defendant also contends that Ms. Byers was retained as a non-testifying expert consultant with respect to matters involving rebuttal of Plaintiff's expert's testimony. Thus, the Defendant argues that the Plaintiff must show "exceptional circumstances" before it can seek discovery from Ms. Byers and overcome the assertion of the work prod-

uct doctrine. **See** Rule 26(b)(4)(B). In my view, under the facts and circumstances of this case, a person initially selected to testify as an expert at trial cannot be shielded from questioning by later being also designated as a consultant expert and invoking the work product doctrine. Counsel must choose to designate an expert as either one who will testify at trial **or** consult with counsel. Having an expert who is both creates an unmanageable situation by requiring a question-by-question analysis of an expert witnesses' deposition testimony to determine whether the work product doctrine applies. Moreover, because the deadline for listing expert witnesses expected to testify at trial has passed, the Defendant cannot designate Ms. Byers as a consultant unless it is willing to also remove Ms. Byers from the list of witnesses expected to testify at trial. Accordingly, I find that unless the Defendant removes Ms. Byers from the list of witnesses expected to testify at trial, the Defendant's designation of Ms. Byers as a consulting expert does not bar her deposition nor negate her obligation to produce the documents the Plaintiff has requested from her.

### C. Defendant's Manner of Objecting

■ I further note that the Defendant's manner of objecting to the questioning of Ms. Byers raises the issue of whether those objections were properly reserved. The Defendant in this case directed Ms. Byers not to answer certain questions and did not file a motion for protective order. This lack of action forced the Plaintiff to file a motion to compel and thus put the burden on the Plaintiff to justify that motion.

Rule 30(d)(1) specifically states that "[a] party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3)." In that situation, the party opposing the questioning must promptly file a motion for protective order. *See, e.g., Hisaw v. Unisys Corp.,* 134 F.R.D. 151, 152 (W.D.La.1991); *Nutmeg Insurance Co. v. At-*

*well, Vogel & Sterling,* 120 F.R.D. 504 (W.D.La.1988); *American Hangar, Inc. v. Basic Line, Inc.,* 105 F.R.D. 173 (D.Mass. 1985). The Defendant did not follow this procedure. I, therefore, find that the Defendant's manner of objecting to the questioning of Ms. Byers was improper.

### II. Plaintiff's Second Motion to Compel

In Plaintiff's Second Motion to Compel, the Plaintiff asks the Court to enter an order compelling Gregory Giles to answer certain deposition questions which the Defendant directed Mr. Giles not to answer on the grounds of relevancy and scope. However, case law as well as Rule 30(d)(1) clearly state that propounding an irrelevant question is "not an appropriate ground for instructing a witness not to answer a question." *Dravo Corp. v. Liberty Mutual Ins. Co.,* 164 F.R.D. 70, 74 (D.Neb.1995) (citing *Hearst/ABC–Viacom Entertainment Services v. Goodway Marketing, Inc.,* 145 F.R.D. 59, 63 (E.D.Pa. 1992); *Gall v. St. Elizabeth Medical Center,* 130 F.R.D. 85, 87 (S.D.Ohio 1990)). **See also** *National Microsales Corp. v. Chase Manhattan Bank, N.A.,* 761 F.Supp. 304, 307 (S.D.N.Y.1991); *Hanlin v. Mitchelson,* 623 F.Supp. 452, 455 (S.D.N.Y.1985), **aff'd in part, rev'd on other grounds,** 794 F.2d 834 (2nd Cir.1986); *Perrignon v. Bergen Brunswig Corp.,* 77 F.R.D. 455, 461 (N.D.Cal. 1978). As with Ms. Byers' deposition testimony, the Defendant's manner of objecting to the deposition questioning of Mr. Giles was improper. Accordingly, I find that the Plaintiff's Second Motion to Compel should likewise be granted.[1]

### III. Conclusion

At this point, I find that Ms. Byers should be considered an expert who is expected to testify and so is subject to the full gamut of discovery. This could change if the Defendant decides to withdraw Ms. Byers from the list of such witnesses. In that situation, Ms. Byers could be considered a consultant expert whose opinions may be subject to the

---

**1.** I note that although the Plaintiff did not comply with the Rule 37(a)(2) requirement to confer in good faith before filing the second motion to compel, it would not have been obligated to do so anyway had the Defendant followed the proper procedure and allowed Mr. Giles to answer the questions.

**64**

work product doctrine. Nevertheless, I find that the Defendant did not properly reserve its objections in that situation nor with respect to Mr. Giles. Consequently, I conclude that granting the Plaintiff's first and second motions to compel is appropriate.

WHEREFORE,

IT IS ORDERED that the Plaintiff's Motion to Compel and Second Motion to Compel are granted.

IT IS FURTHER ORDERED that the Defendant shall have until June 28, 1996 to comply with the Plaintiff's requests for discovery as outlined in its briefs.